IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MORGAN, | ) | |
| Plaintiff, | ) | No. |
| vs. | ) | Judge |
| RANDSTAD GENERAL PARTNER US LLC, a Foreign Corporation, RANDSTAD USA, a Foreign Corporation, RANDSTAD US, a Foreign Corporation RANDSTAD HOLDING NV, a Foreign Corporation, and RANDSTAD NORTH AMERICAN PARTNER, INC., a Foreign Corporation, | ) | Magistrate Judge |
| Defendants. | ) | |

**COMPLAINT**
**DISABILITY DISCRIMINATION**

NOW COMES the plaintiff, MICHAEL MORGAN, by and through his attorneys, Seth Halpern and Carlie S. Marvel of MALKINSON & HALPERN, P.C., and complains of the defendants, RANDSTAD GENERAL PARTNER US LLC, RANDSTAD USA RANDSTAD US, RANDSTAD HOLDING NV and RANDSTAD NORTH AMERICAN PARTNER, INC., as follows:

1. Plaintiff, MICHAEL MORGAN, (hereinafter "MORGAN"), is a male citizen of the State of Illinois and presently resides at 302 E. Kinsington, Apartment 2R, in the City of Chicago, County of Cook, State of Illinois.

2. Defendants, RANDSTAD GENERAL PARTNER US LLC, RANDSTAD USA, RANDSTAD US, RANDSTAD HOLDING NV and RANDSTAD NORTH AMERICAN PARTNER, INC. (hereinafter collectively referred to as "RANDSTAD" or "defendant"), are Delaware corporations doing business in Illinois, and at all relative

times, had a business office located at 200 West Madison Street, in the City of Chicago, County of Cook, State of Illinois. Defendants are engaged in an industry affecting commerce and, at all times pertinent hereto, were employers within the meaning of 42 U.S.C. 12111(5).

  3. This court has jurisdiction of this case pursuant to the Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA"), 42 U.S.C. 12101, *et seq*.

  4. This action properly lies in this district pursuant to 28 U.S.C. 1391 because the claim arose in this judicial district.

  5. Plaintiff, MORGAN, has complied with all administrative prerequisites by filing a timely Charge of Discrimination based on disability discrimination with the Equal Employment Opportunity Commission, (hereinafter referred to as the "EEOC"), on August 25, 2006. A copy of the Charge is attached as Exhibit A.

  6. On or about October 19, 2010, the EEOC issued a Determination.

  7. On or about May 13, 2011, the EEOC issued MORGAN a Notice of Right to Sue, which is attached hereto as Exhibit B.

  8. MORGAN was diagnosed with Human Immunodeficiency Virus (hereinafter referred to as "HIV"), in 2000.

  9. On or about July 31, 2006, MORGAN submitted an application for employment with RANDSTAD.

  10. On or about August 7, 2006, RANDSTAD offered MORGAN a position of employment and requested that MORGAN take a drug screening test.

  11. At that time, MORGAN accepted the offer of employment and advised RANSTAD that he was taking a medication that could potentially cause him to fail the

2

drug test. RANDSTAD advised MORGAN that there would be no problem as long as he could provide a letter from his doctor regarding the medication. MORGAN sent the requested correspondence from his physician to RANDSTAD the same day. The correspondence explained that the medication MORGAN was taking was known to cause failed drug tests due to its potential to cause a false positive for marijuana on a urine screening test.

12. On approximately August 7, 2006, MORGAN proceeded with the drug test and allegedly failed. RANDSTAD contacted MORGAN and asked for additional information, including the reason he was taking the subject medication. MORGAN advised RANDSTAD that he was taking the medication because he was HIV positive. Upon learning of MORGAN's HIV status, RANDSTAD rescinded its offer of employment.

13. On or about August 7, 2006, RANDSTAD rescinded its offer of employment to MORGAN due to a perceived disability based on MORGAN's HIV diagnosis. In rushing to judge MORGAN as disabled, RANDSTAD never allowed MORGAN to perform the duties of the position he was offered. Prior to RANDSTAD's rescinding the offer of employment, MORGAN was qualified, ready, willing and able to perform all of the essential functions of the position with RANDSTAD for which he had been offered employment.

14. The foregoing constitutes impermissible discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. Sec. 12201, *et. seq*.

15. In deciding to rescind MORGAN's offer of employment, RANDSTAD maliciously and/or recklessly violated the ADA.

3

16. As a result of the unlawful employment practices complained of herein, plaintiff experienced, and continues to experience, loss of wages and benefits, and suffered and continues to suffer from severe emotional distress, embarrassment, humiliation and mental anguish.

WHEREFORE, MICHAEL MORGAN respectfully prays that this Court enter an order:

(a) Declaring that the conduct of RANDSTAD GENERAL PARTNER US LLC, RANDSTAD USA, RANDSTAD US, RANDSTAD HOLDING NV and/or RANDSTAD NORTH AMERICAN PARTNER, INC., as described herein, is in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. Sec. 12101, *et seq.*;

(b) Awarding MICHAEL MORGAN the salary, with interest, he has lost as a result of RANDSTAD GENERAL PARTNER US LLC, RANDSTAD USA, RANDSTAD US, RANDSTAD HOLDING NV and/or RANDSTAD NORTH AMERICAN PARTNER, INC.'s conduct;

(c) Awarding MICHAEL MORGAN compensatory and punitive damages;

(d) Awarding MICHAEL MORGAN reasonable attorneys' fees and costs under 42 U.S.C. Sec. 12101, *et seq.*; and

(e) Awarding MICHAEL MORGAN such other and further relief as this Court deems proper and just.

**Date: July 20, 2011**

**Plaintiff demands trial by jury**

                              Respectfully submitted,

                              BY: <u>s/ Seth R. Halpern</u>

Seth R. Halpern
Carlie S. Marvel
MALKINSON & HALPERN, P.C.
208 S. LaSalle
Suite 1750
Chicago, IL 60604
(312) 427-9600